[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15889
Non-Argument Calendar

_____

D. C. Docket No. 02-02076-CV-T-23-TGW

JOHN CALKINS,

Plaintiff-Appellant,

versus

PINELLAS COUNTY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 17, 2005)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Appellant John Calkins appeals the district court's grant of judgment as a

matter of law in favor of his current employer, Pinellas County ("County"),

following a jury verdict in his favor in his retaliation action.  He had claimed that

he was not promoted because Gay Lancaster, the Interim County Administrator ("ICA"), whom he had named in his Equal Employment Opportunity Commission ("EEOC") charge, had "blackballed" him in a conversation with the decision maker, Royce Carter, the Director of Veteran Services ("DVS").

On appeal, Calkins contends that Lancaster's explanation for her negative opinion of him - that she based this opinion on his interaction problems - was weak in light of her statement to Carter that she was displeased with Calkins's skill verses his performance, which had nothing to do with his interaction problems, and, therefore, the jury could have assumed that Lancaster spoke ill of Calkins because he had named her in a complaint. Calkins also contends that the jury could have concluded that it was unreasonable for Lancaster to believe that he had interaction problems because: (1) he had never been disciplined; (2) he received excellent evaluations, wherein he received good scores on interaction skills; and (3) Lancaster saw Calkins only 3 times in over 11 years.

We "review[] *de novo* a district court's grant of a renewed judgment as a matter of law under Federal Rule of Civil Procedure 50, applying the same standard as the district court." *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192 (11th Cir. 2004). "Under Rule 50, a court should render judgment as a matter of law when there is no legally sufficient evidentiary basis for a

2

reasonable jury to find for that party on that issue." *Id.* In conducting our review, we consider all evidence and inferences in the light most favorable to the non-moving party to determine whether the evidence presented is so one-sided that reasonable people could not arrive at a contrary verdict. *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001). "[I]f there is substantial evidence opposed to the motion, such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions," then the case is properly submitted to the jury. *Hipp v.Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1230 (11th Cir. 2001). Whether judgment as a matter of law is appropriate in an employment discrimination case depends on a number of factors, including (1) the strength of the plaintiff's *prima facie* case, (2) the probative value of the proof that the employer's explanation is false, and (3) any evidence that supports the employer's case. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148-49, 120 S. Ct. 2097, 2109, 147 L. Ed. 2d 105 (2000).

To make out a *prima facie* case of retaliation, the plaintiff must show that "(1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between his protected activity and the adverse employment action." *Bass v. Bd of County Comm'rs, Orange County, Fla.*, 256 F.3d 1095, 1117 (11th Cir. 2001). As to the causal relation element, the

3

plaintiff must show that the person making the adverse employment decision was aware of the plaintiff's protected conduct. *Id.* at 1119.

As a general rule, a discharge recommendation by a party with no decision-making power "may be actionable if the plaintiff proves that the recommendation directly resulted in the [adverse employment action]." *Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1331 (11th Cir. 1999). However, in such cases, "causation must be truly direct[, and] the plaintiff must prove that the discriminatory animus behind the recommendation, and not the underlying employee misconduct identified in the recommendation, was an actual cause of the other party's decision." *Id.*

Because the record is devoid of any retaliatory intent related to the County's failure to promote Calkins, we conclude that the district court correctly granted the County's motion for judgment as a matter of law.[1]

**AFFIRMED.**

---

[1] Calkin's "Demand for Attorney's Fees" is DENIED as moot.